IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly I. Lewis, | C/A No. 1:12-2072-TLW-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Joesph E. Lewis; Paul S. Simon, | |
| Defendants. | |

The plaintiff, Kimberly I. Lewis, ("Plaintiff"), a self-represented litigant, brings this civil action against two individuals, Joesph E. Lewis and Paul S. Simon. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff has paid the $350 filing fee. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The crux of Plaintiff's Amended Complaint appears to be that after placing a stop payment order on her business checking account at First Citizens Bank, the defendants, who are employees of The Savannah River Banking Company, unlawfully drafted funds from her account and then attempted to unlawfully draft funds a second time from her account. Plaintiff appears to allege that as a result she incurred overdraft fees on her account. Plaintiff asserts that she has "legally and lawfully discharged any and all debt

associated with SAVANNAH RIVER BANKING COMPANY [] and holds the land grant made perfect as brought forward."[1]  (Am. Compl. ¶ 23, ECF No. 6 at 6.)

Plaintiff's Complaint indicates that she is asserting two federal causes of action against the defendants.  First, she alleges that

> [u]pon information and belief, the Defendants, being sued as "persons" maintain a pattern and practice of depriving property, and causing damage without probable cause or proper foundation as secured by the Constitution as demonstrated by the deprivation of Kim Lewis rights as a natural Person.

(Am. Compl. ¶ 24, ECF No. 6 at 6.)  Second, she alleges that

> [a]t all times relevant, the defendants Joe Lewis and Paul S. Simon, were acting within the scope of their presumed duties as employees of SAVANNAH RIV[]ER BANKING COMPANY when depriving Kim Lewis of her rights other violations clearly established laws protected by the 4th, 5th, 7th, and 14th amendments and attempting such actions a second time.

(Id. ¶ 27.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When

---

[1] Based on the attachments Plaintiff submitted with her Amended Complaint, it appears that the Savannah River Banking Company may be the mortgagee on property owned by the Plaintiff and that Plaintiff believes that the land grant discharges her obligation to pay this debt.



a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to dismiss frivolous complaints. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a

'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see also Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S.Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, Inc., 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc., 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.



If a plaintiff's complaint pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2] See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452–53 (4th Cir. 2012). However, if the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal constroversy,'" then subject matter jurisdiction does not exist. Id. (citation omitted).

## DISCUSSION

In this case, although Plaintiff expressly references the Constitution and its Amendments, merely invoking the Constitution is insufficient when there are no facts alleged to support a federal claim. See Holloway, 669 F.3d at 452-53 (indicating that where the allegations are so lacking in specificity or are so insubstantial and conclusory, they do not involve a federal controversy). Plaintiff alleges that the defendants are employees of a bank, *i.e.* private actors, and her Amended Complaint is devoid of any allegations that could attribute their actions to the state. See West v. Atkins, 487 U.S. 42, 48 (1988) (indicating that to a claim pursuant to 42 U.S.C. § 1983 requires two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law). The court finds that the Plaintiff's Amended Complaint does not allege a colorable claim of a constitutional violation by the defendants and any such claim she

---

[2] Diversity subject matter jurisdiction is not applicable to this case because the Complaint solely alleges federal causes of action. See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); 28 U.S.C. § 1332.

PJG

attempts to allege appears frivolous on its face.  Accordingly, Plaintiff has failed to allege sufficient factual allegations to raise a plausible claim supporting federal question subject matter jurisdiction.  See Holloway, 669 F.3d at 452-53; Wiggins v. 11 Kew Garden Court, No. 12-1424, 2012 WL 3668019, at *2 (4th Cir. Aug. 28, 2012); Ross, 2012 WL 3590914.

## RECOMMENDATION

Accordingly, the court recommends that the Amended Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 12, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).