# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

Kimberly I. Lewis,            )
                              )
    Plaintiff,           )   C/A No.: 1:12-cv-02072-TLW
                              )
vs.                           )
                              )
Joesph E. Lewis; Paul S. Simon, )
                              )
    Defendants.          )
                              )

## ORDER

Plaintiff Kimberly I. Lewis ("plaintiff"), proceeding pro se, initially filed this action on July 24, 2012, and filed an Amended Complaint on August 10, 2012. (Docs. #1, 6). This civil action is against two individuals, Joesph E. Lewis and Paul S. Simon. (Doc. #6). A Report and Recommendation ("the Report") was filed by Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned,[1] on September 12, 2012. (Doc. #12). Plaintiff filed Objections to the Report on October 19, 2012. (Doc. #18).

This matter now comes before the Court for review of the Report filed by Judge Gossett. (Doc. #12). In the Report, Magistrate Judge Gossett recommends that the above-captioned case be summarily dismissed without prejudice and without issuance and service of process for lack of federal subject matter jurisdiction. (Doc. #12).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, rejected, or modify, in

---

[1] Pursuant to the provisions of Title 28 United States Code § 636(b)(1)(B) and Local Rule 73.02, D.S.C., the Magistrate Judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, this Court has reviewed, de novo, the Report (Doc. #12) and the objections (Doc. #18). After careful review of the Report and objections thereto, this Court **ACCEPTS** the Report (Doc. #12). Therefore, for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. #12) and the plaintiff's Amended Complaint (Doc. #6) in the above-captioned case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                                    s/ Terry L. Wooten
                                                  Terry L. Wooten
                                                  United States District Judge

October 31, 2012
Florence, South Carolina